UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-487-SDM-AAS

BRIDGET LUZOD

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT LUZOD'S MOTION TO MODIFY RELEASE CONDITIONS

On November 18, 2024, during defendant Bridget Luzod's initial appearance, the United States requested that the Court release Luzod pending trial under the standard conditions, plus a few special conditions, including the requirement that she submit to periodic drug testing at the discretion of Pretrial Services. *See* ECF No. 13. Luzod did not object to any of those conditions, *see id.*, and United States Magistrate Judge Christopher P. Tuite imposed them, among others, *see id.*; ECF No. 15.

Now Luzod asks the Court to remove the drug testing condition. *See* ECF No. 48 ("Def.'s Mot."). The United States opposes. Luzod has failed to articulate any new information or changes in her circumstances not known to her at the time of her bond hearing that materially affect the likelihood she will flee or the danger she poses to the community. As such, Luzod has failed to meet her procedural burden, under 18 U.S.C. § 3142(f), to reopen the issue of

detention/bond. Even if the Court finds otherwise, Luzod has failed to demonstrate that the relaxed conditions she seeks will adequately protect the public. The Court should deny her motion accordingly.

## I.    LEGAL STANDARD

The default procedure under the Bail Reform Act, 18 U.S.C. §§ 3141–3150, is that defendants get one bite at the detention/bond hearing apple. Receiving a second bite at that apple requires defendants to make a threshold showing first. *See* 18 U.S.C. § 3142(f)(2). Indeed, while Luzod is correct that the Court has authority "to impose additional or different conditions of release" at any time before trial, *see* Def.'s Mot. at 1 (citing 18 U.S.C. § 3142(c)(3)), Luzod has misleadingly cited only part of the relevant law. The Court may only reopen the issue of bond and "impose additional or different conditions of release," *id.*, after the defendant first demonstrates

> that information exists that was not known to the [defendant] at the time of the [original bond/detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community,

18 U.S.C. 3142(f)(2) (emphasis added); *see also United States v. Peguero*, 2021 U.S. Dist. LEXIS 198147, at *6 (W.D. Ky. Oct. 14, 2021) (collecting cases). In other words, the defendant has to justify reopening the issue of her detention or release conditions by showing that new information has come to light or circumstances

have changed since the original detention/bond hearing in a manner that neither she nor the Court could have anticipated <u>and</u> that those changed circumstances should materially alter the Court's assessment of the defendant's risk of flight and dangerousness. *See id.; see also, e.g. United States v. Mays*, 2024 U.S. Dist. 101012, at *19-20 (E.D. Mich. June 6, 2024); *United States v. Johnson*, 2022 U.S. Dist. LEXIS 22736, at *3-4 (D.N.J. Feb. 8, 2022). Without such a threshold requirement, "a defendant could file endless petitions to modify his conditions." *United States v. Gay*, U.S. Dist. LEXIS 187439, at *3 (C.D. Ill. Oct. 7, 2020).

## II.   ARGUMENT

Luzod's motion fails to meet her procedural burden under 18 U.S.C. § 3142(f)(2) for two reasons. First, Luzod failed to articulate any changes in circumstances that were not known to <u>her</u> at the time of her original detention/bond hearing. *See generally* Def.'s Mot.[1] Indeed, Luzod's motion relies solely on medical records showing that she has been prescribed amphetamines since March 2023, *see* Def.'s Mot. at 2 (citing Def.'s Mot., Ex. 1), but that

---

[1] Luzod suggests that it matters who represented her at the bond hearing. *See* Def.'s Mot. at 2. It does not. *First,* her lawyer speaks for her and is legally indistinguishable from her in this context. *Second*, the law refers to information that was not known <u>to the defendant</u>, not information that was unknown to counsel. *See* 18 U.S.C. § 3142(f)(2). *Third*, Mr. Darken, the attorney who represented Luzod at the bond hearing, is simply another attorney at the <u>same firm</u> as her lead counsel, Mr. Foster. (And for what it is worth, the undersigned lead prosecutor was occupied at the same hearing in *United States v. Nicoletti*, 8:23-cr-475-MSS-AEP, as Mr. Foster during the bond hearing in this case, and thus the United States was represented by another attorney at Luzod's bond hearing as well. That is no more cause for the government to seek reopening of the bond/detention issue than it is for the defense.)

3

argument torpedoes Luzod's own motion because it demonstrates that <u>she knew</u> this fact for more than a year and a half before the bond hearing. It is therefore not new information or a changed circumstance, and neither she nor the Court can rely on it to reopen the bond hearing. *See* 18 U.S.C. § 3142(f)(2).

Second, Luzod does not make any argument <u>at all</u>, let alone a compelling one, that her existing amphetamines prescription makes her less of a risk of flight or danger to the community, as the statute requires. *Compare* Def.'s Mot. *and* 18 U.S.C. § 3142(f)(2). She only asserts that her preexisting amphetamines prescription explains her positive test on the day of her arrest and arraignment. *See id.* at 3. Yet Luzod cites no case law whatsoever to support her implied contention that this is a sufficient basis for the Court to reopen her detention/bond hearing and loosen her conditions of release, *see generally* Def.'s Mot.

Moreover, even if the Court disagrees with the government and finds that Luzod has met her threshold procedural burden under 18 U.S.C. § 3142(f)(2), the Court should still deny her motion on the merits. Among other crimes, Luzod is charged with conspiring to distribute controlled substances and unlawfully distributing controlled substances, *see* ECF No. 1 (Counts 1, 3-21), all by fraudulently using the DEA registration number of her co-defendant, Dr. Victor Silva, *see id.* (Counts 22-40). Evidence indicates that Luzod routinely forged Dr.

4

Silva's signature to issue prescriptions for her patients, daughter, and husband. *See id.* Additionally, witness statements and pharmacy records combine to show that Luzod sometimes wrote controlled substance prescriptions for patients (other than her daughter and husband) <u>without their knowledge</u> and then picked up the prescriptions herself. The possibility that Luzod used those unlawfully obtained controlled substances herself justifies maintaining the bond condition that she submit to periodic drug testing at the discretion of Pretrial Services.

Finally, witnesses report that Luzod sometimes appeared to be under the influence of an unknown behavior altering substance while operating her clinic, Thrive, and treating patients. Despite Luzod being under indictment, Thrive remains open and she continues to administer IV and non-controlled substance treatments to the public. Accordingly, even though the DEA has blocked Dr. Silva's ability to prescribe controlled substances (and with it Luzod's ability to use <u>his</u> DEA registration number, albeit not other doctors' numbers), the condition that Luzod submit to periodic drug testing, at the discretion of Pretrial Services, remains necessary to protect the public.

### III.  CONCLUSION

For the reasons stated above, the Court should deny Luzod's motion, ECF No. 48.

        Respectfully submitted,

        SARA C. SWEENEY
        Acting United States Attorney

By:   */s/ Michael M. Gordon*
      Michael M. Gordon
      Assistant United Stated Attorney No. 182
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone:  (813) 274-6000
      Facsimile:  (813) 274-6358
      E-mail: michael.gordon3@usdoj.gov

U.S. v. Bridget Luzod, et al.                Case No. 8:24-cr-400-SDM-LSG

### CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and provided a copy to the following attorneys of record:

Todd Foster

Kevin Darken

*/s/ Michael M. Gordon*
Michael M. Gordon
Assistant United States Attorney, No. 182
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6178
E-mail: michael.gordon3@usdoj.gov

7